UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL FITZPATRICK, )<br>    Petitioner, )<br>  v. )<br>     )<br>UNITED STATES OF AMERICA, )<br>    Respondent ) | 1:03-cr-00044-JAW-1<br>1:16-cv-00011-JAW |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Michael Fitzpatrick filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 25.) In 2003, following a guilty plea, Petitioner was convicted of being a felon in possession of firearms, pursuant to 18 U.S.C. §§ 922(g)(1), 924(e); and possession of stolen firearms, pursuant to 18 U.S.C. § 922(j). (Judgment, ECF No. 22 at 1.) The Court sentenced Petitioner to a total of 180 months in prison. (Judgment at 2.) Petitioner did not appeal from the conviction or the sentence.

Petitioner argued in his section 2255 motion that he is entitled to relief based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Motion at 1.) Counsel was appointed. (Order, ECF No. 26.) In its response, the Government argues that Petitioner is not entitled to relief under *Johnson*, because Petitioner's sentence was enhanced, under a provision of section 924(e) that was not found unconstitutional in *Johnson*, based on at least three previous burglary convictions. (Response, ECF No. 31 at 10-12.) Petitioner filed a reply in which he conceded the enhancement of his sentence was not based on the residual clause of the Armed Career Criminal Act addressed in *Johnson*. (Reply, ECF No. 32.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion, but grant a certificate of appealability, in accordance with recent district precedent.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in July 2003, on two counts: being a felon in possession of firearms, pursuant to 18 U.S.C. §§ 922(g)(1), 924(e); and possession of stolen firearms, pursuant to 18 U.S.C. § 922(j). (Indictment, ECF No. 1.) In October 2003, he pled guilty to both counts: (Minute Entry on Plea Hearing, ECF No 17.) The Court sentenced Petitioner to a prison term of 180 months on the felon-in-possession count, and to 120 months on the count for possession of stolen firearms, to be served concurrently, followed by concurrent terms of five years of supervised release on the felon-in-possession count, and three years on the count for possession of stolen firearms. (Judgment at 2-3.)

Petitioner dated his section 2255 motion December 30, 2015, and it was filed on January 4, 2016.[1] (Motion at 1.) The pending motion is Petitioner's first section 2255 motion in this case.[2]

---

[1] Petitioner's motion did not contain a declaration that Petitioner makes the allegations under penalty of perjury, pursuant to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires that the section 2255 motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." *See* 28 U.S.C. § 1746. This recommended decision assumes, without recommending a decision on the issue, that if the Court did not dismiss the motion, the Court would permit Petitioner to file a version that contained the required declaration.

[2] In June 2016, Petitioner filed a pro se request in the First Circuit for permission to file a second or successive 28 U.S.C. § 2255 motion; the First Circuit denied the request as unnecessary, as Petitioner had not previously had a section 2255 motion adjudicated by the district court. *Fitzpatrick v. United States*, No. 16-1890 (1st Cir. July 20, 2016).

## II.   DISCUSSION

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

A section 2255 motion must be filed timely under one of several subsections of section 2255(f).[3] It appears Petitioner placed the section 2255 motion in the prison mailing system within one year of the Supreme Court's June 26, 2015, decision in *Johnson*, as required under section 2255(f)(3). (Motion at 1.)  *See* Rule 3(d), Rules Governing Section

---

[3] Title 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation period set forth in section 2255(f)(3) applies to Petitioner's claim, because the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), that "[*Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2555 (2015)]announced a substantive rule that has retroactive effect in cases on collateral review."

2255 Proceedings. The Government concedes that if Petitioner has a *Johnson* claim, the claim was timely filed. (Response at 1 n.2.)

In *Johnson*, the Supreme Court "struck down the 'residual clause' of the [Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA)] as unconstitutionally vague."[4] *Pakala v. United States*, 804 F.3d 139, 139 (1st Cir. 2015) (per curiam). The Supreme Court announced in *Johnson* that its holding "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. Burglary is one of the offenses enumerated in section 924(e)(2)(B)(ii) of the ACCA. Because, based on his prior burglary convictions, Petitioner was subject to an enhanced sentence under the "enumerated clause" of section 924(e)(2)(B)(ii), rather

---

[4] In *Johnson*, the Court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. [18 U.S.C. § 922(g)]. In general, the law punishes violation of this ban by up to 10 years' imprisonment. [18 U.S.C. § 924(a)(2)]. But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States,* 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Id.* at 2555-56. The Court held that the residual clause is unconstitutionally vague. *Id.* at 2557.

4

than the residual clause, Petitioner is not entitled to relief under *Johnson*. *See United States v. Duquette*, 778 F.3d 314, 318 (1st Cir. 2015).

Based on arguments made by some petitioners in other section 2255 motions in this district, Petitioner's motion also arguably raises an additional issue of whether Maine's burglary statute constitutes "generic burglary," under *Taylor v. United States*, 495 U.S. 575 (1990). In *Taylor*, the Supreme Court held:

> [A]n offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.

495 U.S. at 602. The Court defined "generic" burglary:

> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

*Id.* at 599.

In *Duquette*, 778 F.3d at 318, the First Circuit held that "because Maine's burglary statute sets forth the definition of 'generic burglary,' under *Taylor*, a conviction under that statute qualifies as a 'violent felony' under the ACCA." Although other petitioners have argued that following the Supreme Court's decisions in *Johnson* and *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), a Maine burglary conviction no longer qualifies as a generic burglary,[5] this Court has concluded that in this circuit, *Duquette* "'establishes

---

[5] In *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 U.S. Dist. Lexis 142354, 2016 WL 6068114 (D. Me. Oct. 14, 2016), the petitioner argued that, following the Supreme Court's 2015 decision in *Johnson* and *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), "he no longer has the

that Maine burglary convictions are 'violent felonies' pursuant to ACCA's enumerated clause.'" *McCurdy v. United States*, Nos. 1:06-cr-00080-JAW, 1:15-cv-00532-JAW, 2017 U.S. Dist. Lexis 1947, at *12-13, 2017 WL 74695, at *5 (D. Me. Jan. 6, 2017) (quoting *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 U.S. Dist. Lexis 142354, at *8, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016); *see Collamore v. United States*, Nos. 2:16-cv-259-GZS, 2:10-cr-158-GZS, 2016 U.S. Dist. Lexis 148757, at *6, 2016 WL 6304668 (D. Me. Oct. 27, 2016); *United States v. Casey*, Nos. 2:11-cr-216-DBH, 2:16-cv-346-DBH, 2016 U.S. Dist. Lexis 153085, 2016 WL 6581178 (D. Me. Nov. 3, 2016)).

The issue regarding Petitioner's burglary convictions does not differ materially from the issue presented in *Dimott*, *Collamore*, and *Casey, and McCurdy*. Accordingly, I can discern no reason the issue should be resolved differently in this case. In addition, because the Court issued a certificate of appealability on the issues raised in *Dimott*, *Collamore*, *Casey*, and *McCurdy*, it is appropriate to issue one in this case as well. *See McCurdy*, 2017 U.S. Dist. Lexis 1947, at *14, 2017 WL 74695, at *5; *Dimott*, 2016 U.S. Dist. Lexis 142354, at *11-12, 2016 WL 6068114, at *4; *Collamore*, 2016 U.S. Dist. Lexis 148757, at

---

three requisite convictions for an increased sentence under ACCA," and "Maine burglary no longer fits within the generic definition of burglary because Maine's locational element is overly broad in light of *Mathis*." *Dimott*, 2016 U.S. Dist. Lexis 142354, at *4-5, 2016 WL 6068114, at *2. The Court held that *Mathis* "has not been recognized as a case that announced a new substantive rule that is retroactively applicable to cases on collateral review," and *Mathis* therefore "cannot be read as triggering a new one-year period for habeas relief under 28 U.S.C. § 2255(f)(3)." 2016 U.S. Dist. Lexis 142354, at *6, 7, 2016 WL 6068114, at *3. The Court further concluded that, [a]ssuming the Court could undertake a timely review of Dimott's predicate burglary convictions," there is "no basis for concluding that *Mathis* should be read as overruling [*United States v. Duquette*, 778 F.3d 314 (1st Cir. 2015)]." 2016 U.S. Dist. Lexis 142354, at *8, 9, 2016 WL 6068114, at *3, 4.

6

\*6-7, 2016 WL 6304668, at \*3; *Casey*, 2016 U.S. Dist. Lexis 153085, at \*16, 2016 WL 6581178, at \*5.[6]  The issues are specifically: (1) whether the retroactive application of the Supreme Court's 2015 decision in *Johnson* allows any petitioner serving an ACCA sentence to have his qualifying "violent felony" convictions re-examined even if those convictions appear to fall under the ACCA's enumerated clause; and (2) if so, whether *Mathis* has effectively overruled the First Circuit's decision in *Duquette*, that a Maine burglary conviction, 17-A M.R.S.A. § 401, qualifies as a violent felony under the ACCA's enumerated clause, 18 U.S.C. § 924(e).  *See Casey*, No. 2:11-cr-00216, ECF No. 78 (Order Issuing Certificate of Appealability).

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court grant a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases.

### NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[6] Appeals are pending in all four of the cases.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 16th day of February, 2017.

/s/ John C. Nivison
U.S. Magistrate Judge